Brian Daniel RUSSELL, Sr., Appellant,

v.

HEALTHMONT OF MISSOURI, LLC., d/b/a Callaway Community Hospital, Respondent.

No. WD 72861.

Missouri Court of Appeals, Western District.

Aug. 23, 2011.

J. Brian Baehr, for Appellant.

Healthmont of Missouri, LLC, Respondent pro se.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Brian Russell appeals from a judgment entered by the Circuit Court of Callaway County dismissing with prejudice a declaratory judgment action filed by Appellant, seeking a declaration that he could exempt in bankruptcy an unliquidated, personal-injury claim. The trial court dismissed Appellant's claim for failing to state a claim for which relief could be granted. For the following reasons, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

On July 14, 2009, Appellant filed his petition for declaratory relief in the Circuit Court of Callaway County. In that petition, Appellant claimed to owe the named defendant, Healthmont of Missouri, LLC, d/b/a Callaway Community Hospital, $1,330.59 as a result of a judgment obtained on July 9, 2007. Appellant further claimed to have an unliquidated, personal-injury claim stemming from a subsequent automobile accident. Appellant averred that he was going to seek an order for bankruptcy protection in Missouri pursuant to Title 11 of the United States Code and that he was eligible to obtain such relief. Finally, Appellant sought a declaration that he could exempt from his bankruptcy estate that unliquidated, personal-injury claim pursuant to § 513.427.[1]

After Healthmont did not file an answer to Appellant's petition, on June 29, 2010, Appellant filed a motion for judgment on the pleadings. In that motion, Appellant

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

noted that the U.S. Bankruptcy Court for the Western District of Missouri had interpreted § 513.427 not to exempt unliquidated, personal-injury claims in *In re Mahony*, 374 B.R. 717 (Bankr.W.D.Mo.2007). Appellant contended, however, that *Mahony*, and the 8th Circuit case upon which it based its conclusion, *In re Benn*, 491 F.3d 811 (8th Cir.2007), had misinterpreted § 513.427 and Missouri law.

On July 26, 2010, the circuit court denied Appellant's motion for judgment on the pleadings. The circuit court then dismissed the case with prejudice "on the basis that the plaintiff is not entitled to the relief he seeks for the legal reasons set forth in *In re Mahony*, 374 B.R. 717 (Bankr.W.D.Mo.2007) and *In re Benn*, 491 F.3d 811 (8th Cir.2007)." In his sole point on appeal, Appellant claims that the trial court erred in denying his motion for judgment on the pleadings because, as a matter of law, his personal injury claim was exempt property under Missouri law.

 We initially note that the procedural basis upon which the trial court rested its judgment, dismissal of the petition with prejudice for failure to state a claim upon which relief could be granted, was improper. The sufficiency of a petition for declaratory judgment is based upon "whether the petition entitles the plaintiff to a declaration of rights or status on the facts pleaded." *State ex rel. Chastain v. City of Kansas City*, 289 S.W.3d 759, 763 (Mo.App. W.D.2009). "The question is not whether the petition shows that the plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states, but rather it is whether under the averments of the petition he is entitled to a declaration of rights at all." *State ex rel. American Eagle Waste Indus. v. St. Louis Cnty.*, 272 S.W.3d 336, 340 (Mo.App. E.D. 2008) (internal quotations omitted). "In deciding whether to dismiss a petition for declaratory judgment for failure to state a claim upon which relief may be granted, the trial court is not to address the merits of the claim." *Leuchtmann v. Missouri Dep't of Corrections*, 86 S.W.3d 475, 478 (Mo.App. W.D.2002). "If under the facts pleaded a plaintiff is entitled to [a] declaration of rights at all, the petition is sufficient for that purpose even though it advances a mistaken contention of law." *American Eagle Waste Indus.*, 272 S.W.3d at 340.

 For purposes of determining whether a petition states a claim for which relief may be granted, all facts asserted in the petition are treated as true. *Chastain*, 289 S.W.3d at 763. As noted *supra*, in his petition, Appellant averred that he intended to file an order for bankruptcy protection in Missouri pursuant to Title 11 of the United States Code and that he was eligible for such relief. Appellant further claimed to have an unliquidated, personal injury claim stemming from an automobile accident. Appellant sought a declaration that he could exempt from the bankruptcy estate that unliquidated, personal-injury claim pursuant to § 513.427.

Appellant's petition clearly stated a claim for declaratory relief. Specifically, his petition called for a declaration of whether or not he was entitled to exempt his unliquidated, personal-injury claim from his bankruptcy estate pursuant to § 513.427. Indeed, by engaging in a determination of the merits by adopting the legal reasoning of *Mahony* and *Benn*, the trial court implicitly acknowledged that Appellant had adequately stated a claim for declaratory relief. *American Eagle Waste Indus.*, 272 S.W.3d at 340.

 From the judgment, it is abundantly clear, however, that the trial court's functional intent was to enter a judgment on the pleadings in favor of the defendant. In the interest of judicial economy, we will consider whether the trial court reached

the proper legal conclusion and could properly have entered such a judgment.

■ "When a debtor files a petition for bankruptcy, all of his property at that point in time, including all legal and equitable interests, become part of the bankruptcy estate." *Asmus v. Capital Region Family Practice*, 115 S.W.3d 427, 431 (Mo. App. W.D.2003) (citing *11 U.S.C. § 541(a)*). "This includes an unliquidated personal injury claim." *Id.*

"After the property enters the bankruptcy estate [11 U.S.C. § 522] of the bankruptcy code lists exemptions the debtor may claim" and "also provides individual states the opportunity to 'opt out' of the federal exemption scheme and create their own exemptions." *Patrick v. Alphin*, 825 S.W.2d 11, 13 (Mo.App. E.D.1992). Missouri has elected to opt-out of the federal exemption scheme and has set forth its own scheme in § 513.427. *Id.* The statute provides:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

"Section 513.427 allows an exemption for any property 'that is exempt from attachment and execution.'" *Asmus*, 115 S.W.3d at 431. Therefore, Missouri courts consistently hold that "[b]ecause unliquidated personal injury actions ... are not subject to attachment and execution prior

to judgment and are not assignable, they can be (and generally are) exempted from the bankruptcy estate under Missouri law." *Id.*; *Patrick*, 825 S.W.2d at 13 ("Any property of the estate which is exempt from attachment and execution, under Missouri law, is an allowable exemption from the bankruptcy estate."); *see also Gremminger v. Missouri Labor & Industrial Relations Comm'n*, 129 S.W.3d 399, 403 n. 1 (Mo.App. E.D.2004) (noting that whether a tort is a personal tort or a property tort determines whether the cause of action can be exempted in bankruptcy proceedings in Missouri).

■ Nevertheless, the 8th Circuit, in *In re Benn*, 491 F.3d 811 (8th Cir.2007), for whatever reason, disregarded, this extensive Missouri case law interpreting § 513.427 as set forth, *supra*, and held that § 513.427 is "merely an 'opt-out' statute" that does not create any exemptions under Missouri law and concluded that the Missouri legislature only meant to exempt property specifically identified by other statutes as exempt from attachment and execution. *In re Benn*, 491 F.3d at 814–15. The U.S. Bankruptcy Court for the Western District of Missouri followed the 8th Circuit's decision in concluding that property exempt from attachment and execution under Missouri common law was not exempt under § 513.427. *In re Mahony*, 374 B.R. at 719.[2] Of course, federal cases interpreting Missouri law "are not binding on this court interpreting our own state statute." *Scott v. Blue Springs Ford Sales, Inc.*, 215 S.W.3d 145, 167 (Mo.App. W.D.2006).

Under Missouri law, an unliquidated, personal-injury claim can, if the proper

2. The bankruptcy court in *Mahony* noted that, despite the fact that Missouri courts have long held that unliquidated personal injury claims are exempt and that "this may seem to be a harsh result, particularly given the Missouri courts' attempt to protect unliquidated personal injury claims based on public policy," it was bound to follow the dictates of the 8th Circuit. *In re Mahony*, 374 B.R. 717, 719 (Bankr.W.D.Mo.2007).

procedures are followed and conditions satisfied, be exempted from his bankruptcy estate pursuant to § 513.427. The trial court erred in relying upon federal cases interpreting a Missouri statute in a manner contrary to that of established Missouri case law and could not have properly entered judgment on the pleadings in favor of the defendant in this case.

For the foregoing reasons, the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.