ST. LOUIS ASSOCIATION OF
REALTORS, Appellant,

v.

CITY OF FERGUSON, Respondent.

No. SC 91640.

Supreme Court of Missouri,
En Banc.

Oct. 25, 2011.

Stephen C. Murphy, Joseph F. Devereaux III, Devereaux Murphy LLC, Clayton, for the association.

Stephanie E. Karr, Kevin M. O'Keefe, Edward J. Sluys, Curtis, Heinz, Garrett & O'Keefe PC, Clayton, for the city.

LAURA DENVIR STITH, Judge.

The St. Louis Association of Realtors appeals the dismissal, for lack of standing, of its declaratory judgment action challenging the validity of certain sections of the city of Ferguson's municipal code. Because this Court finds that the association has satisfied the requirements for associational standing by showing that at least one of its members would have standing to sue, that the interests the suit seeks to protect are germane to the association's purpose, and that neither the claim asserted nor relief requested requires the participation of individual members in this lawsuit, the judgment is reversed and the case remanded.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Ferguson enacted an ordinance that, as relevant here, created a regulatory fee and licensing system for owners of residential property within Ferguson who lease or rent their property to others. To qualify for a rental license, property owners must undertake building inspections, file affidavits stating whether any adult tenants are registered as sex offenders, retain a property manager residing within 25 miles of the rental property and pay licensing fees. The ordinance makes it unlawful for property owners to rent or lease their property without a license.

The St. Louis Association of Realtors ("the association") is a trade association, registered as a Missouri not-for-profit corporation, with approximately 9,000 members in the St. Louis metropolitan area.

The association's membership includes realtor members; real estate owners and other non-realtor individuals and firms as affiliate members; and individuals interested in the real estate profession who are employees of, or are affiliated with, educational, public utility, governmental or similar organizations.

The association challenged the validity of the ordinance on both constitutional and statutory grounds. Its petition asserts that it has associational standing on behalf of its members because some of those members are affected by the ordinance directly, because it has an interest in protecting private property rights of the type affected by the ordinance, and because the relief it requests is a declaration that the ordinance is invalid rather than damages and so, its suit does not require joinder of individual members.

After a bench trial, the trial court dismissed the petition without addressing the merits of the association's challenge to Ferguson's ordinance, holding instead that the association lacked standing to file suit. The association appeals the judgment that it is without standing. This Court finds that the association has standing and remands.

## II. THE ASSOCIATION SATISFIES THE THREE–FACTOR TEST FOR INVOKING ASSOCIATIONAL STANDING

"Standing is a question of law, which is reviewed *de novo*." *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011). Parties seeking relief "bear the burden of establishing that they have standing." *Id.* "Reduced to its essence, standing roughly means that the parties seeking relief must have some personal interest at stake in the dispute, even if that interest is attenuated,

slight or remote." *Ste. Genevieve Sch. Dist. R–II v. Bd. of Alderman of the City of Ste. Genevieve,* 66 S.W.3d 6, 10 (Mo. banc 2002). To assert standing successfully, a plaintiff must have a legally protectable interest. *Comm. for Educ. Equality v. State,* 294 S.W.3d 477, 484 (Mo. banc 2009); *Battlefield Fire Protection Dist. v. City of Springfield,* 941 S.W.2d 491, 492 (Mo. banc 1997). A legally protectable interest exists only if the plaintiff is affected directly and adversely by the challenged action or if the plaintiff's interest is conferred statutorily. *Id.*

■ In *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), the United States Supreme Court stated that the "case or controversy" requirement of article III, section 2 of the United States Constitution requires that an association have standing. An association that itself has not suffered a direct injury from a challenged activity nevertheless may assert "associational standing" to protect the interests of its members if certain requirements are met. *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). *Hunt* set out a three-part test to analyze whether the requirements for associational standing have been met in a particular case: The association must demonstrate that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." 432 U.S. at 343, 97 S.Ct. 2434.

■ Missouri has adopted the *Hunt* framework for analyzing associational standing. *Missouri Outdoor Advertising Ass'n, Inc. v. Missouri State Hwy. & Transp. Comm.,* 826 S.W.2d 342, 344 (Mo. banc 1992). This Court has determined

that, although the Missouri Constitution does not have a parallel "case or controversy" requirement, use of *Hunt*'s three-factor test for standing allows Missouri courts to ensure that "an actual controversy exists between persons whose interests are adverse" and that those who stand to benefit from the litigation "have a *legally protectable interest* at stake." *State ex rel. Chilcutt v. Thatch,* 359 Mo. 122, 221 S.W.2d 172, 176 (1949) (emphasis in original). Adopting the germaneness prong of *Hunt* ensures that there is not a "wholesale mismatch between litigation topic and organizational expertise" such that "a litigating association would be no more than a law firm seeking to sue *in its own name.*" *Humane Soc'y of the United States v. Hodel,* 840 F.2d 45, 56 (D.C.Cir.1988) (emphasis in original).

## A. The Association's Members Have Standing to Sue in Their Own Right

■ To satisfy the first prong of *Hunt,* an association claiming standing on behalf of its members, "must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Warth,* 422 U.S. at 511, 95 S.Ct. 2197. "A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Missouri Health Care Ass'n v. Attorney Gen. of the State of Missouri,* 953 S.W.2d 617, 620 (Mo. banc 1997).

Here, the association satisfied the first prong of *Hunt* by demonstrating that some of its members are property owners in Ferguson and, so, would have standing in their own right to challenge Ferguson's

ordinance. Specifically, three realtor-members testified that they own rental property within Ferguson and, as such, have felt a direct impact from the various requirements imposed by the ordinance.[1] The government affairs director of the association testified that there are other owner-members as well, although she could not state their number. These members now face the option of either ceasing their rental activities or complying with the various requirements of the ordinance. In either case, the ordinance imposes burdens upon the interest these association members have as property owners. Accordingly, were these owners to assert standing to individually challenge the ordinance, they would have standing to do so.

Ferguson suggests that the presence of such a relatively small number of members owning real property in Ferguson is insufficient to confer standing on the association. It argues that for the association to assert standing successfully, a *majority* of the association's members must be affected by Ferguson's ordinance or the interest affected must be the primary interest for which the members joined the association. This argument is without merit.

In *Warth*, the United States Supreme Court specifically held that the first element of associational standing is satisfied if the organization establishes that "its members, *or any one of them*, are suffering immediate or threatened injury as a

result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." 422 U.S. at 511, 95 S.Ct. 2197 (emphasis added). Numerous subsequent cases have applied this rule.[2] At trial, the association easily met this standard by presenting testimony from three of its members who were property owners who could have brought suit themselves to challenge Ferguson's ordinance.

**B.  Neither the Claim Asserted Nor the Relief Requested Requires the Participation of the Association's Members**

The record also unequivocally shows that the association satisfies the third prong of *Hunt* in that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Where an association seeks only a prospective remedy, it is presumed that the relief to be gained from the litigation "will inure to the benefit of those members of the association actually injured." *Id.* at 515, 95 S.Ct. 2197. Accordingly, requests made by an association for prospective relief generally do not require the individual participation of the organization's members. *Home Builders Ass'n v. City of Wildwood*, 32 S.W.3d 612, 615 (Mo.App. 2000). Conversely, where an association seeks a remedy such as money damages,

---

1.  Because the association does not assert that it has standing based on the effects of Ferguson's ordinance on its realtor-members in their capacity as realtors, this Court does not address whether that interest would provide an alternative basis for standing.

2.  *See, e.g., Biotechnology Indus. Org. v. Dist. of Columbia*, 496 F.3d 1362, 1370 (Fed.Cir. 2007) ("The standing question collapses into an inquiry as to whether some member of each organization would have standing to

bring a similar action itself. One such member will suffice."); *Retail Indus. Leaders Ass'n v. Fielder*, 475 F.3d 180, 186 (4th Cir.2007) ("Associational standing may exist even when just one of the association's members would have standing."); *Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099 (10th Cir.2006) ("Although [*Hunt*] refers to 'members,' plural, if even one member of the association would have had standing to sue in his or her own right, that is sufficient.").

the participation of its individual members is necessary to determine the particular damages to which each affected member is entitled. *Missouri Bankers Ass'n v. Dir. of Missouri Div. of Credit Unions,* 126 S.W.3d 360, 363 (Mo. banc 2003).

Here, the association merely seeks prospective relief in the form of a declaratory judgment that Ferguson's ordinance is invalid. It has not pressed for damages or other relief that would require joinder of individual association members.

## C. The Interests the Association Seeks to Protect are Germane to Its Purpose

The crux of the appeal is whether the association has satisfied the second prong of the *Hunt* test by establishing that the interests at stake in the litigation are germane to its purpose.

■ At the outset, it must be stressed that the germaneness inquiry required under the second prong of *Hunt* is distinct from the inquiry required under *Hunt*'s first prong as to whether some individual members of the association could sue in their own right. In determining whether the germaneness prong is satisfied, the relevant question is whether the basis on which the individual association members were found to have standing under the first prong of *Hunt*—here, the affect the ordinance is having on these members' real property interests—also is germane to the association's purpose. *United Food & Commercial Workers Union Local 751 v.*

*Brown Grp., Inc.,* 517 U.S. 544, 555–56, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996).

■ In analyzing this question, this Court joins numerous other courts in emphasizing that the germaneness requirement is undemanding.[3] The issue an association is litigating does not, for instance, need to be *central* to the organization's purpose. *Hodel,* 840 F.2d at 53 n. 10 (explaining that demanding centrality of purpose would contravene "the plain meaning of the term 'germane' "). Instead, "mere pertinence between litigation subject and organizational purpose is sufficient." *Nat'l Lime Ass'n v. EPA,* 233 F.3d 625, 636 (D.C.Cir.2001) (internal quotation omitted). Requiring otherwise would undermine the primary rationale of associational standing, which is that organizations are often more effective at vindicating their members' shared interests than would be any individual member. *See Int'l Union, UAW v. Brock,* 477 U.S. 274, 290, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986).

■ The undemanding nature of the germaneness requirement does not mean, however, that an organization may attain associational standing by making bare assertions of its interests without any connection of those interests to the interests of one or more of its members. For instance, the fact that a member of a bowling association happens to be a doctor, lawyer or retail store clerk would not give the association standing to challenge regulations regarding doctors, lawyers or retail store clerks if the organization could not

---

3. *See, e.g., Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.,* 627 F.3d 547, 550 n. 2 (5th Cir.2010) ("the germaneness requirement is undemanding") (internal quotation omitted); *Bldg. and Constr. Trades Council of Buffalo, New York and Vicinity v. Downtown Dev., Inc.,* 448 F.3d 138, 148 (2d Cir.2006) ("the requirement of germaneness

is undemanding") (internal quotation omitted). *Accord. Nat'l Lime Ass'n v. EPA,* 233 F.3d 625, 636 (D.C.Cir.2001); *Presidio Golf Club v. Nat'l Park Serv.,* 155 F.3d 1153, 1159 (9th Cir.1998); *Humane Soc'y of the United States v. Hodel,* 840 F.2d 45, 58–59 (D.C.Cir. 1988).

show it had a purpose that was germane to those occupations. Rather, an organization must provide *some* evidence that the issues at stake in the relevant litigation are of concern to the association.[4]

■■■ Evidence of an issue's germaneness to an association's purpose can be established in a variety of ways, including but not limited to showing an interest in the issue as demonstrated in the association's governing documents, or in its activities, or both. *See Brock,* 477 U.S. at 286, 106 S.Ct. 2523.

Here, the association supported its claim that it has an organizational interest in protecting property rights in numerous ways. First, it introduced its bylaws. Those bylaws state, *inter alia,* that of the six basic organizational objectives contained in the association's bylaws, at least two concern private property ownership, stating:

> Section 3. To provide a unified medium for real estate owners and those engaged in the real estate profession whereby their interests may be safeguarded and advanced.
>
> Section 4. To further the interests of home and other real property ownership.

The association also introduced its vision statement, which states that "[t]he St. Louis Association of Realtors strives to enhance the professionalism and success of realtors and advocates private property rights."

Beyond these statements in its governing documents, the association presented evidence below that its past activities as an association demonstrate its interest in property rights. For example, the association's government affairs director testified that the association regularly engages in lobbying activities and fundraising to advance the interests of its members, including their interest in protecting real property rights. Further, two association representatives testified that the organization has initiated or participated in litigation challenging ordinances or defending its members cited for violating ordinances deemed objectionable to the association's mission of protecting property rights. *See, e.g., City of Dellwood v. Twyford,* 912 S.W.2d 58 (Mo. banc 1995); *Clifford Hindman Real Estate, Inc. v. City of Jennings,* 283 S.W.3d 804 (Mo.App.2009).

Ferguson has made much of the fact that most of the cases for which the association provided funding were not brought in the association's name, but rather had as named plaintiffs individual members of the association or other private parties. Ferguson suggests that, to establish germaneness, the association itself must press the litigation as a named plaintiff. Ferguson cites no cases to support this proposition, however, and this Court rejects it. Whether the suits were brought in the association's name or in the name of a

---

4. The amicus brief filed on behalf of the Missouri Municipal League invites this Court to hold that associational standing will not be recognized unless the issue being litigated is core to the organization's purposes. The amicus brief filed on behalf of three other amici organizations urges this Court to delete the germaneness requirement entirely, arguing that it is relevant only to the "case or controversy" requirement of the United States Constitution and that, as the Missouri Constitution has no parallel "case or controversy" requirement, that prong is unnecessary. For the reasons set out above, this Court finds that the germaneness factor as set out in *Hunt* continues to strike the correct balance of ensuring an association's appropriate interest in the issue being litigated, and rejects the invitations of amici to change it in either fashion.

private party, dedication of the association's resources to the underlying issues in those lawsuits is indicative of the association's support for private property rights.

In sum, the association's objective in the current litigation is to challenge what it alleges is an unlawful infringement by Ferguson on the property ownership rights of a number of its members. Because the association has demonstrated a clear interest in protecting private property rights, the issue being litigated is plainly germane to the organization's purpose.

## VI. CONCLUSION

For the reasons set out above, the association has satisfied the requirements of associational standing by showing that one of more of its members has standing to sue, the interests it seeks to protect are germane to its purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. It therefore may seek declaratory relief, on behalf of its members, against Ferguson. Accordingly, the judgment of the trial court is reversed, and the case remanded.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, FISCHER and PRICE, JJ., and WIMES, Sp. J., concur.