

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| ST. LOUIS ASSOCIATION OF REALTORS, | ) ) ) | No. ED100832 |
| Appellant, | ) ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) | |
| CITY OF FERGUSON, | ) ) | Hon. Mary Elizabeth Ott |
| Respondent. | ) | FILED: October 28, 2014 |

### OPINION

The St. Louis Association of Realtors (SLAR) appeals the trial court's judgment dismissing as moot SLAR's petition challenging an ordinance enacted by the City of Ferguson to regulate the residential rental business. We reverse and remand for further proceedings on the merits of the petition.

**Background**

In 2006, Ferguson enacted an ordinance imposing various new restrictions and requirements on residential rental property. The ordinance affected three titles within the municipal code. Title 7 received additional sections containing new minimum housing standards. A new Title 25 was added to create a licensing framework specific to residential rental properties. And Title 42 on general licensing provisions was amended as to properties governed by Title 25. Among its numerous provisions, the regulatory scheme requires owners to purchase

a rental license, obtain building inspections, and retain a property manager within 25 miles of the property. Rental of an unlicensed property is unlawful for both landlord and tenant. Licenses are subject to provisional status and revocation for non-compliance with licensing standards, property maintenance deficiencies, non-payment of city fees, and nuisance or misconduct by tenants. The ordinance also prohibits the posting of "for rent" signage without a license.

In 2008, SLAR challenged the validity of the ordinance on constitutional and statutory grounds. Specifically, SLAR questioned Ferguson's statutory authority, under its charter, to regulate residential rental properties generally, and SLAR also attacked particular sections of Title 25 as unconstitutional. In 2009 while the case was pending, Ferguson enacted an amendment to Title 42 that set the license fee at $50 and equated the term "residential rental property" with the term "rooming house."[1] In 2010, the trial court dismissed SLAR's petition for lack of standing. On appeal in 2011, the Supreme Court of Missouri held that SLAR had associational standing and remanded the case for a trial on the merits. St. Louis Ass'n. of Realtors v. City of Ferguson, 354 S.W.3d 620 (Mo. 2011). On remand in 2013, the trial court dismissed SLAR's petition as moot, reasoning that the 2009 amendments "removed the fee structure about which the Petitioners herein complain." The trial court also rejected SLAR's petition on the additional basis that SLAR failed to provide in the record the initial "enabling" ordinance (referring to an earlier license requirement) preceding the 2006 ordinance.

SLAR appeals and argues that the 2009 amendments did not moot its challenge to the 2006 ordinance, as the licensing scheme generally and Title 25 specifically remain intact. A cause of action is moot when the question presented seeks a judgment that would have no

---

[1] This amendment attempts to invoke §94.110 RSMo empowering third class cities to tax and regulate "hotels, rooming houses, and boarding houses." As explained below, we do not opine as to whether residential rental properties can be deemed rooming houses, as that determination rests with the trial court in the first instance. Mo. Const. art. V §14(a), §512.160 RSMo.

practical effect because the controversy no longer exists. <u>Humane Society of the United States v. State of Missouri</u>, 405 S.W.3d 532, 535 (Mo. 2013). Where another enactment supersedes the statute on which the litigants rely to define their rights, there is no longer an actual controversy, and the case must be dismissed as moot. <u>Id</u>.

Ferguson doesn't contend that the 2009 amendments superseded the 2006 ordinance, and clearly they did not. The trial court's reasoning is erroneous in this regard. Rather, echoing the trial court's second rationale, Ferguson argues that SLAR's challenge is inadequate because it attacks only the 2006 version of the licensing scheme and not earlier iterations of Title 42 existing since 1995. Ferguson then suggests that a judgment in SLAR's favor wouldn't have any practical effect because, absent the 2006 ordinance, the municipal code would still contain the preceding framework.

Ferguson's position that the existence of a previous scheme eviscerates SLAR's entire petition is wholly unpersuasive. As described in its introductory title, the 2006 ordinance expressly adds "several new sections" to Title 7 creating minimum housing standards and an entirely "new Title 25 consisting of several new sections relating to special licensing provisions" for residential rental property. These provisions did not exist in earlier versions of the code, and Title 42 was materially amended. The cause is not moot. Moreover, the record contains all provisions of the scheme subject to SLAR's challenge. Whether preceding variations would survive is not before us. SLAR's first point is granted.

Beyond the question of mootness, SLAR also presents three points on appeal arguing the underlying merits of its petition, attacking the 2006 ordinance on constitutional and statutory grounds. Specifically, SLAR contends that: (1) Ferguson lacked the authority, under its charter, to regulate residential landlords and their rental properties; (2) certain provisions of the 2006

3

ordinance are unconstitutionally vague; and (3) the licensing pre-requisite on "for rent" signage violates §67.317 RSMo. In urging this court to reach the merits of its petition at this stage, without remand, SLAR cites Clifford Hindman Real Estate v. City of Jennings, 283 S.W.3d 804 (Mo. App. E.D. 2009), and State ex rel. Am. Eagle Waste Industries v. St. Louis County, 272 S.W.3d 336 (Mo. App. E.D. 2008). In those cases, however, this court examined the merits only after the trial court had done so prematurely. "In cases where trial courts err procedurally by deciding merits where they should not, courts of appeal have chosen nevertheless to review the merits when a remand would be futile." Clifford Hindman Real Estate, 283 S.W. 3d at 808 (citing State ex rel. Am. Eagle Waste Industries, 272 S.W.3d at 341). While sound on their facts, these authorities do not prescribe our review of the merits of the present case in its current procedural posture. Here, the trial court has yet to examine, make findings and conclusions, and render a final judgment on the substantive questions presented in SLAR's petition. Appellate courts cannot consider allegations of error "except such as have been … expressly decided by the trial court." §512.160. This court is constrained to remand the case to the trial court for a determination on the merits of the petition, so we do not reach SLAR's remaining points on appeal.

### Conclusion

The trial court's judgment is reversed and the case is remanded for further proceedings on the merits of SLAR's petition.[2]

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, J., concurs.
Glenn A. Norton, J., concurs.

---

[2] Of course, the trial court may allow SLAR to amend its petition and/or supplement the record as relevant to define and resolve the issues as they currently stand in light of the 2009 amendments.