STATE of Missouri, Respondent,

v.

Gary RILEY, Appellant.

No. 54815.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 6, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

Gary Riley, pro se.

William L. Webster, Atty. Gen., Karen Ann King, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the trial court's denial of his motion *nunc pro tunc* to compel the Farmington Correctional Center to credit 465 days jail-time to his sentence for armed criminal action. We affirm.

Defendant was convicted of robbery in the first degree, assault with intent to kill, and armed criminal action, pursuant to guilty pleas. He was sentenced to concurrent seventeen-year terms on the robbery and assault charges and was sentenced to a consecutive three-year term on the armed criminal action charge, with the three-year term to commence at the expiration of the seventeen-year terms.

Defendant was allowed 465 days jail-time credit on the concurrent seventeen-year terms for the time he was incarcerated prior to the final disposition of his case. He now asks that an additional 465 days be credited to the consecutive three-year sentence for a total of 930 days.

■ We initially note that defendant's reliance on a motion *nunc pro tunc* under these circumstances is improper. It is well established that "[n]unc pro tunc proceedings may be used only to correct clerical mistakes in recording the judgment rendered, and may not be used to correct judicial mistakes, or to show what the court intended to do but did not do." *Overby v. Overby*, 682 S.W.2d 872, 873 [2] (Mo.App. 1984). Defendant does not claim the judgment and sentence was misrecorded. It is not disputed he was granted jail-time credit by the judgment. Defendant's complaint is that the correctional center failed to grant him an additional 465 days' credit on the consecutive sentence.

■ Aside from the question of whether defendant has pursued the proper remedy, a review on the merits discloses he is not entitled to the relief he requests.

The statute regarding jail-time credit in effect at the time of defendant's sentencing was § 546.615. It provided:

1. A person convicted of a felony in this state shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the division of corrections.

2. In the event such time is required by law to be credited upon some other

sentence it shall be applied to that sentence and not as set out in the preceding subsection. Credit shall be applied to each sentence rendered if they are to be concurrent. § 546.615.1 & 2, RSMo. Cum.Supp. 1975 (repealed 1979).

The purpose of § 546.615 was "to ensure that an indigent accused who awaits trial shall not serve a longer term for the same sentence than an accused able to meet bail to avoid confinement before trial and sentence." *Hart v. State*, 588 S.W.2d 226, 227 [1] (Mo.App.1979). The statute provides that credit shall be applied to each sentence rendered if they are to be concurrent, but nothing in the text of § 546.615 supports the interpretation defendant advocates.

The courts have consistently held " 'that a defendant will be given credit only *once* for the total time spent prior to sentencing; [and] if he is sentenced on another charge by the same or another judge duplicate jail time cannot be given.' " *Umphenour v. State*, 535 S.W.2d 579, 581 (Mo.App.1976) (quoting *Lawrence v. State*, 306 So.2d 561 (Fla.App.1975); *see also Richardson v. State*, 632 S.W.2d 13, 15 [2] (Mo.App.1982) (defendant not entitled to credit for time spent awaiting trial where he previously received credit for the same jail time on another charge).

To grant defendant the relief he requests would, in effect, give him two days' credit for each day spent in jail prior to the final disposition of his case. This is not the result contemplated by § 546.615.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.