

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| MONTREL MOSBY, | ) | |
| | ) | |
| Appellant, | ) | **WD82181** |
| | ) | |
| v. | ) | **OPINION FILED: March 26, 2019** |
| | ) | |
| ANNE PRECYTHE, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Daniel R. Green, Judge

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, Alok Ahuja, Judge and
Gary D. Witt, Judge

Montrel Mosby ("Mosby") appeals from the judgment of the Cole County Circuit

Court granting Director Precythe's[1] Motion to Dismiss, dismissing Mosby's Petition for

Declaratory Judgment under section 558.031[2] requesting jail-time credit. Mosby was

convicted of three offenses and is in the Missouri Department of Corrections ("MDOC")

serving three consecutive sentences. Mosby argues that the trial court erred in granting the

---

[1] Director Preythe is the Director of the Missouri Department of Corrections ("MDOC") and is a party to this action in her official capacity as opposed by the individual capacity. We will refer to her as MDOC for ease of reference.

[2] All statutory references are to RSMo 2016 as currently supplemented, unless otherwise indicated.

MDOC's motion to dismiss because his time served between July 23, 2015 and July 14, 2016 was "related to" time that he is currently serving in custody, and therefore, he should receive credit. We affirm.

**Facts and Procedural History**

Mosby is in the MDOC serving three separate sentences. In case one, Mosby was convicted of possession of a controlled substance for which the court sentenced him on September 27, 2013 to serve seven years in the MDOC ("Case One"). The court granted him 350 days of jail time credit. In case two, Mosby was convicted of distribution of a controlled substance for which the court sentenced him to a consecutive term of thirteen years in the MDOC ("Case Two"). On this case he was originally given a suspended execution of the sentence and placed on probation after serving 120 days in a MDOC treatment program. That probation was later revoked and his sentence was imposed. He was given 143 days of jail time credit against this sentence. In case three, Mosby was convicted of possession of a controlled substance for which he received a consecutive sentence of three years in the MDOC ("Case Three"). Mosby has a total of twenty-three years to serve in MDOC for these three cases.

Mosby filed a petition for Declaratory Judgment on March 8, 2018 under section 558.031 requesting credit for jail time served. Mosby alleged that he should receive credit for the time he spent in the county jail between his July 23, 2015, date of arrest, and July 14, 2016, the date he was received by the MDOC to serve the Case Three sentence. Mosby alleged that the offense in Case Three occurred on July 23, 2015, and he was arrested that day. Mosby alleged that he remained on parole for Case One for this period. Mosby also

acknowledges that this period was included in the jail time credit he received for his Case One sentence.

The MDOC filed a Motion to Dismiss on July 6, 2018. The trial court entered judgment granting the MDOC's Motion to Dismiss on August 27, 2018.

## Standard of Review

"We review the grant of a motion to dismiss *de novo* and will affirm the dismissal on any meritorious ground stated in the motion." *Gerke v. City of Kan. City*, 493 S.W.3d 433, 436 (Mo. App. W.D. 2016) (citing *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo. App. E.D. 2005)). "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim.'" *Lynch v. Lynch*, 360 S.W.3d 834, 836 (Mo. banc 2008).

## Analysis

Mosby raises one point on appeal. In his sole point on appeal Mosby argues that the trial court erred in granting the MDOC's Motion to Dismiss because he should have received jail-time credit for the period between July 23, 2015, and July 14, 2016, against his Case Three sentence.

First we note that the procedural basis upon which the trial court rested its judgment, dismissal of the petition for failure to state a claim upon which relief could be granted, was improper. "The sufficiency of the petition for declaratory judgment is based upon 'whether the petition entitles the plaintiff to a declaration of rights or status on facts pleaded.'" *Russell v. Healthmont of Mo., LLC*, 348 S.W.3d 784, 786 (Mo. App. W.D. 2011) (*State ex rel. Chastain v. City of Kansas City*, 289 S.W.3d 759, 763 (Mo. App. W.D. 2009)). "In

3

deciding whether to dismiss a petition for declaratory judgment for failure to state a claim upon which relief may be granted, the trial court is not to address the merits of the claim." *Leuchtmann v. Missouri Dep't of Corrections*, 86 S.W.3d 475, 478 (Mo. App. W.D. 2002). Mosby's petition clearly stated a claim for declaratory relief. His petition called for declaration of whether or not he was entitled to jail-time credit for the period between July 23, 2015, and July 14, 2016, against his Case Three Sentence. By engaging in the determination of the merits, the trial court implicitly acknowledged that Mosby had stated a claim for declaratory relief. *Russell*, 348 S.W.3d at 786; *State ex rel. American Eagle Waste Indus. v. St. Louis Cnty.*, 272 S.W.3d 336, 340 (Mo. App. E.D. 2008).

Based on the judgment, the trial court in fact entered judgment on the pleadings in favor of MDOC rather than finding that Mosby failed to state a claim for relief. In the interest of judicial economy, we will consider whether the trial court reached the proper legal conclusion and could properly have entered such a judgment.

Section 558.031.1 provides in relevant part:

A sentence of imprisonment shall commence when a person convicted of an offense in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:

(1) Such credit shall only be applied once when sentences are consecutive.

Mosby argues that he should receive the jail-time credit against his Case Three sentence because the time he spent in custody during this period is related to the offense in Case Three. However, Mosby was sentenced to three separate sentences to be served

4

*consecutively*. The sentence for Case Three was to be served consecutive to the sentences for Case One and Case Two. Mosby acknowledged that he already received credit for that time in jail toward service of his sentence in Case One. The plain language of the statute shows that he is not entitled to receive credit for the same period in jail against separate sentences that were ordered to be served consecutively. *State v. Riley,* 761 S.W.2d 745, 746 (Mo. App. E.D. 1988). Mosby was not entitled to relief based on the factual allegations in the petition.

Point One is denied.

## Conclusion

The trial courts judgment is affirmed.

_____
Gary D. Witt, Judge

All concur

5