

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

AARON BARKER, )
)
      Appellant, )
)
v. ) WD86461
)
MISSOURI DEPARTMENT ) Opinion filed: April 30, 2024
OF CORRECTIONS, ET AL., )
)
      Respondents. )

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE CHRISTOPHER K. LIMBAUGH, JUDGE**

Division Two: Thomas N. Chapman, Presiding Judge,
Karen King Mitchell, Judge and W. Douglas Thomson, Judge

Aaron Barker ("Barker") appeals the grant of judgment on the pleadings in

favor of the Missouri Department of Corrections ("DOC") and the State of Missouri

(collectively, the "State") in his declaratory judgment action seeking jail-time

credit. Barker raises one point on appeal, claiming "[t]he circuit court erred in

granting the State's motion for judgment on the pleadings by finding that section

558.031.1(1) prohibited [him] from receiving jail time credit toward his Clay

County case for time he was on parole on his consecutive Platte County case[.]"[1] For the reasons discussed herein, we affirm.

## Factual and Procedural History

This appeal involves two of Barker's criminal cases: 14AE-CR02155-01 ("Platte County case") and 16CY-CR05431-01 ("Clay County case"). In the Platte County case, Barker pled guilty to the class D felony of aggravated stalking. On June 30, 2016, Barker was sentenced to four years' imprisonment, but the sentence was suspended after thirty days of shock incarceration and Barker was placed on probation. On December 21, 2017, Barker's probation was revoked and his sentence of four years' imprisonment was executed. On February 1, 2019, Barker was released on parole. Upon his release, he was delivered into the custody of Clay County to resolve the Clay County case.

In the Clay County case, Barker pled guilty to the class C felony offense of second-degree assault on a law enforcement officer. On July 11, 2019, Barker was sentenced to seven years' imprisonment to run consecutive to the Platte County case and was placed in a 120-day Institutional Treatment Program. Barker arrived in the DOC on July 25, 2019 to serve his sentence on the Clay County case.

---

[1] All statutory citations are to RSMo (2016), unless otherwise stated. Section 558.031 has undergone several amendments, the most recent taking effect on August 28, 2023. However, the 2016 version of section 558.031 was in effect at the time Barker committed the Clay County offense; therefore, that is the version applicable to our analysis here. *See Belton v. Moore*, 112 S.W.3d 1, 2 n.3 (Mo. App. W.D. 2003) (amendment effective at time defendant committed his offense governed his request for jail-time credit on appeal).

Barker subsequently completed the 120-day program and was released from the DOC. However, on September 30, 2021 he returned to the DOC on a parole violation in the Platte County case and completed his four-year sentence. Upon completion of same, he was released to the custody of Clay County for a pending probation violation in the Clay County case. On March 2, 2022, Barker's probation was revoked in the Clay County case, and his sentence of seven years' imprisonment, consecutive to the Platte County case, was executed.

While in the DOC for the Clay County case, counsel for Barker submitted a letter to the DOC asserting Barker was not receiving jail credit from February 1, 2019 to July 25, 2019, the time he spent in the custody of Clay County after he was released on parole in the Platte County case. The DOC denied Barker's request, citing section 558.031.1(1) and explaining he could not receive credit toward the Clay County case for this time period because those days had already been credited to his Platte County case.

Barker thereafter filed a petition for declaratory judgment in the Cole County Circuit Court, requesting a judgment declaring that the DOC is not following section 558.031 in denying Barker jail-time credit for the Clay County case, that the DOC has no legal authority to deny Barker this jail-time credit, and that Barker must be credited jail time on the Clay County case for the period of February 1, 2019 to July 25, 2019. Both Barker and the State subsequently filed motions for judgment on the pleadings. The circuit court granted the State's motion and denied Barker's petition for declaratory judgment. In so doing, the

circuit court determined Barker "cannot receive credit toward consecutive sentences for the same period of time[,]" finding in part that "[section] 558.031.1 explicitly forbids counting the same period of time toward two consecutive sentences[.]" Barker appeals.

## Standard of Review

"This Court reviews a circuit court's ruling on a motion for judgment on the pleadings *de novo.*" *Woods v. Mo. Dep't of Corr.*, 595 S.W.3d 504, 505 (Mo. banc 2020) (citation omitted). "'A trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law.'" *Hickerson v. Mo. Bd. of Prob. and Parole*, 475 S.W.3d 204, 206 (Mo. App. W.D. 2015) (quoting *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 134 (Mo. banc 2000)). "The moving party admits, for the purposes of the motion, the truth of well-pleaded facts in the opposing party's pleadings." *Id.* (citation omitted). "'[S]tatutory interpretation is a question of law' that we review *de novo.*" *State ex rel. Schmitt v. Choi*, 627 S.W.3d 1, 6 (Mo. App. W.D. 2021) (quoting *Henry v. Piatchek*, 578 S.W.3d 374, 378 (Mo. banc 2019)).

## Analysis

In claiming the circuit court erred in granting the State's motion for judgment on the pleadings, Barker takes issue with the circuit court's finding that section 558.031.1(1) prohibited him from receiving the requested jail-time credit for the period of February 1, 2019 to July 25, 2019 toward the Clay County case. He contends,

[T]he plain language of section 558.031.1(1) requires the application of credit for "time in prison, jail, or custody" prior to "the commencement of a sentence" unless such credit is already being applied to another consecutive sentence, in that Mr. Barker was in jail from February 1, 2019 to July 25, 2019, on his Clay County case, prior to the commencement of the sentence in that Clay County case, and he was not receiving any credit under [section] 558.031 toward his consecutive Platte County sentence for that time in jail, instead receiving credit for being on parole under a different statute, section 217.730.

Resolution of Barker's point necessarily involves the interpretation of sections 558.031 and 217.730. We are guided by the following principles of statutory interpretation:

In interpreting statutes, the "polestar" is the intent of the legislature. *Garland v. Dir. of Revenue*, 961 S.W.2d 824, 830 (Mo. banc 1998). We seek an interpretation from the plain and ordinary language of the act. *See State v. Knapp*, 843 S.W.2d 345, 347 (Mo. banc 1992). We also keep in mind, as the Supreme Court stated in *Goings*, that criminal statutes are to be construed strictly against the state and liberally in favor of the defendant. *Goings* [*v. Mo. Dep't of Corr.*], 6 S.W.3d [906,] 908 [(Mo. banc 1999)].

*Prapotnik v. Crowe*, 55 S.W.3d 914, 917-18 (Mo. App. W.D. 2001). "Where multiple statutes are implicated in particular factual circumstances, we must attempt to harmonize, and give effect to, all of the relevant statutes." *State ex rel. Jones v. Prokes*, 637 S.W.3d 110, 116 (Mo. App. W.D. 2021). Additionally, "we should avoid interpretations of statutes which leave a criminal statute 'incapable of being enforced,' *Leiser v. City of Wildwood*, 59 S.W.3d 597, 604 (Mo. App. E.D. 2001) [(citation omitted)], or that 'render some phrases mere surplusage.' *Middleton v. Mo. Dep't of Corr.*, 278 S.W.3d 193, 196 (Mo. 2009)." *Id.* "When engaging in statutory interpretation, 'we are to presume a logical result, as opposed to an absurd or unreasonable one,' and '[w]e are always led to avoid statutory

interpretations that are unjust, absurd, or unreasonable.'" *Id.* (alteration in original) (quoting *State v. Slavens*, 375 S.W.3d 915, 919 (Mo. App. S.D. 2012)) (other citation omitted).

> Section 558.031.1 provides in relevant part:
>
> A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:
>
> (1) *Such credit shall only be applied once when sentences are consecutive*;
>
> (2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and
>
> (3) As provided in section 559.100.

(Emphasis added). Here, there is no dispute that the period of February 1, 2019 to July 25, 2019 was time Barker spent in custody related to the Clay County offense. There is also no dispute that Barker remained on parole in the Platte County case during this time period, nor that the Clay County sentence was ordered to run consecutively to the Platte County sentence.

Importantly, Barker does not deny that he received credit toward the completion of his Platte County sentence for the time period of February 1, 2019 to July 25, 2019. However, he argues that this credit *cannot* be what "[s]uch credit" is referring to in section 558.031.1(1), because that credit refers to section 558.031.1's provision relating to "time in prison, jail or custody after the offense

6

occurred and *before the commencement of the sentence*," and the time period at issue here occurred *after* the commencement of the Platte County sentence. Accordingly, Barker claims the credit he received toward his Platte County sentence was awarded under a different statute, section 217.730.1:

> The period served on parole, except for judicial parole granted or revoked pursuant to section 559.100, *shall be deemed service of the term of imprisonment* and, subject to the provisions of section 217.720 relating to an offender who is or has been a fugitive from justice, the total time served may not exceed the maximum term or sentence.

(Emphasis added).[2]  Barker thus concludes that because the credit he received towards his Platte County sentence is not the same as the "[s]uch credit" to which section 558.031.1(1) refers, he is not prohibited under section 558.031.1(1) from receiving credit towards his consecutive Clay County sentence for the same period of time – February 1, 2019 to July 25, 2019 – that he received credit on his Platte County sentence.  We disagree.

Barker's argument misconstrues the plain and ordinary language of section 558.031.  Section 558.031.1 provides that a person *shall* be credited for the time spent in custody after an offense occurred and before the commencement of the sentence, where that time is related to that offense.  However, section 558.031.1(1) provides an exception to this mandatory credit.  The plain and ordinary language of that subsection indicates that a person will *not* receive credit toward the related

---

[2] We find it perplexing that Barker uses section 217.730.1 to differentiate between time served on parole and time served on a term of imprisonment when the statute clearly states the two are the same: "The period served on parole . . . shall be deemed service of the term of imprisonment . . . ."

7

offense for the time in "custody after the offense occurred and before the commencement of the sentence" when a *credit for such time* has already been applied towards a separate, consecutive sentence. Indeed, "[s]uch credit" in section 558.031.1(1) refers to the section 558.031.1 "*credit* toward the service of a sentence of imprisonment for all *time* in prison, jail or custody *after the offense occurred and before the commencement of the sentence*[.]" (Emphasis added). "Such credit", therefore, refers to credit for a *specific time period* (after the offense occurred and before the commencement of the sentence), which "shall only be applied *once* when sentences are *consecutive*[.]" Section 558.031.1(1) (emphasis added). Stated differently, section 558.031.1(1) prohibits a person from receiving credit for the same period of time toward their consecutive sentences.

This reading of section 558.031.1(1) is consistent with our court's recent interpretation of the same in a case with facts almost identical to those here. In *Mosby v. Precythe*, 570 S.W.3d 635 (Mo. App. W.D. 2019), the offender, who was sentenced to three separate sentences to be served consecutively, had requested jail-time credit toward his third sentence, citing section 558.031.[3] *Id.* at 636, 638. The time period for which he was requesting credit was time he had spent in the county jail from the day of his arrest for the third case to the day he was received by the DOC to serve his sentence for the third case. *Id.* at 636-37. As with Barker, the offender had remained on parole for his first case during this time period. *Id.*

---

[3] *Mosby* was interpreting a version of section 558.031 with language almost identical to the version we interpret here. Importantly, the pertinent language in each are identical.

at 637. And, the offender had acknowledged "this period was included in the jail time credit he received for his [first case] sentence." *Id.*

In applying section 558.031.1(1) to these facts, this court held that "[t]he plain language of the statute shows that [the offender] is *not* entitled to receive credit for *the same period in jail* against separate sentences that were ordered to be served *consecutively*." *Id.* at 638 (emphasis added) (citation omitted). We specifically found that, because the third case was to be served consecutively to the first two cases, and the offender had "already received credit for that time in jail toward service of his sentence in [the first case,]" the offender was not entitled to the requested relief under the plain language of section 558.031.1(1). *Id.*

The same is true here. Barker's Clay County case was ordered to run *consecutively* to his Platte County case. The time period at issue, while related to the Clay County case, was a period where Barker remained on parole in the Platte County case. And, like the offender in *Mosby*, Barker does not deny that he *already* received credit for that *same time in custody* toward his Platte County sentence. Accordingly, as in *Mosby*, Barker is not entitled to the requested jail-time credit, as "[t]he plain language of [section 558.031.1(1)] shows that he is not entitled to receive credit for the same period in jail against separate sentences that were ordered to be served consecutively." *Id.* (citation omitted).

This result is also consistent with the long-standing principle that an offender cannot receive duplicate jail-time credit for the same period of time,

particularly when dealing with consecutive sentences.[4] *See generally State v. Riley*, 761 S.W.2d 745 (Mo. App. E.D. 1988) (interpreting the prior jail-time credit statute, section 546.615, as not allowing a defendant an additional 465 days' credit on a consecutive sentence when such credit had been applied to sentences on other charges); *Richardson v. State*, 632 S.W.2d 13, 15 (Mo. App. W.D. 1982) (holding defendant was "not entitled to a second credit for the same jail time" toward a consecutive sentence when he had previously received credit for that same time on another charge); *Viers v. State*, 755 S.W.2d 617, 618 (Mo. App. W.D. 1988) (applying section 558.031.1 (1986) in holding that defendant was not entitled to "double jail time credit" towards consecutive, second offense for time spent incarcerated on parole violation for first offense where that credit was applied to first offense), and; *Davison v. Mo. Dep't of Corr.*, 141 S.W.3d 506, 511-12 (Mo. App. W.D. 2004) (citing *Viers* and applying section 558.031.1 (2000) in holding defendant was not entitled "to credit against his [consecutive] sentence . . . for time spent in custody from March 1, 1999, to April 9, 2002, as a result of violating his parole in [earlier] case").

Barker's novel argument concerning section 217.730.1 does not affect this result. Initially, we note that nowhere within section 558.031 is there a reference to section 217.730.1, or vice versa. Had the legislature intended to "except from the exception" in section 558.031.1(1) credit for a period of time served on parole

---

[4] It is understandable why this principle has been applied to consecutive sentences, considering "a consecutive sentence generally would not commence until its predecessor sentence was finished." *Goings*, 6 S.W.3d at 908 n.4.

pursuant to section 217.730.1, it could have expressly done so.[5] Further, Barker directs us to no caselaw, nor have we found any ourselves, that supports Barker's utilization of section 217.730.1 in his argument for reversal here.

Additionally, in reading these sections in harmony, section 217.730.1 actually *supports* the result reached here. Adopting Barker's reading of that section, the time period of February 1, 2019 to July 25, 2019 would be deemed service of the term of imprisonment for *the Platte County case*. Section 217.730.1 ("The period served on parole . . . shall be deemed service of the term of imprisonment . . . ."). Indeed, Barker admits he was on parole in the Platte County case during this period and thus received credit for it towards his Platte County case. Considering, then, that a credit for this time period has already been applied once towards the service of a term of imprisonment, it should come as no surprise to Barker that section 558.031.1(1) prohibits him from receiving a *second* credit for this *same period of time* toward his Clay County case which is to be *consecutively* served. *See* section 558.031.1(1) ("Such credit shall only be applied *once* when sentences are *consecutive*[.]" (emphasis added)). As such, Barker's use of section 217.730.1 here is unsupported and unpersuasive.

Accordingly, from the face of the pleadings, the State was entitled to judgment as a matter of law. Barker's sole point on appeal is denied.

---

[5] This is especially true considering section 558.031.1 already contains an exception, inapplicable here, involving parole time. *See* section 558.031.1(3) (referring to section 559.100, which, at subsection 2, grants circuit courts discretion to "credit any period of probation or parole as time served on a sentence").

11

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.