

# Missouri Court of Appeals
## Western District

| | |
|---|---|
| ANTHONY ROWELL, | ) |
| | ) WD87127 |
| Appellant, | ) |
| v. | ) OPINION FILED: |
| | ) |
| MISSOURI DEPARTMENT OF | ) February 19, 2025 |
| CORRECTIONS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel R. Green, Judge**

**Before Division Three:  W. Douglas Thomson, Presiding Judge,
Karen King Mitchell, Judge, and Thomas N. Chapman, Judge**

Anthony Rowell ("Rowell") appeals the Cole County Circuit Court's grant of

judgment on the pleadings to the Missouri Department of Corrections (the "DOC") on

Rowell's petition for declaratory judgment, which sought credit against his sentences for

his time spent in custody prior to the commencement of his sentences.  Rowell argues

that the trial court erred because he pled sufficient facts to support a finding that he was

entitled to credit for his presentence confinement pursuant to section 558.031.[1]  Because

---

[1] Unless otherwise indicated, statutory references are to RSMo 2016 as updated through the 2018 cumulative supplement.

the trial court erred in granting judgment on the pleadings to the DOC, we reverse and remand for further proceedings.

## Background

On July 10, 2023, Rowell filed a petition for declaratory judgment in the Circuit Court of Cole County, alleging that he was in the custody of the Missouri Department of Corrections and requesting a declaration that he was entitled to credit against his sentences due to his presentence confinement.

Rowell alleged that he was charged on January 30, 2018, in Boone County in Case 1[2] with having committed the offense of second-degree kidnapping against Victim 1 on January 25, 2018. Rowell alleged that he was arrested on February 1, 2018, and taken to the Boone County Jail as a result of the arrest warrant issued in Case 1 on the basis of that second-degree kidnapping charge, and that he posted a surety bond on March 14, 2018, in Case 1 on said charge involving Victim 1.

Rowell alleged that he was charged on March 14, 2018, in Case 2 with having committed the offenses of first-degree kidnapping and first-degree rape against Victim 2 on November 17, 2017. Rowell alleged that he was arrested based on the charges in Case 2 and returned to Boone County Jail on March 14, 2018. Rowell alleged that his bond in Case 2 was set at $200,000.00 cash only and that he was unable to post bond.

---

[2] Rather than list the actual circuit court case numbers in this opinion, we have designated sequential whole numbers beginning with the number "1" for the various cases relevant to this opinion for the purposes of distinguishing between the relevant cases and allowing for simpler reference.

Rowell alleged that he was charged in Boone County in Case 3 on April 2, 2019, with having committed the offenses of first-degree sodomy and first-degree kidnapping against Victim 3 on December 2, 2017.

Rowell alleged that the State filed a six-count superseding indictment in Case 1 that charged him with having committed the following offenses: Count I: second-degree kidnapping for events involving Victim 1 on January 25, 2018; Count II: first-degree kidnapping for events involving Victim 2 on November 17, 2017; Count III: first-degree rape for events involving Victim 2 on November 17, 2017; Count IV: second-degree sodomy for events involving Victim 3 on December 2, 2017; Count V: first-degree kidnapping for events involving Victim 3 on December 2, 2017; Count VI: false impersonation for events involving Victim 3 on December 2, 2017. Rowell alleged that charges based on similar allegations regarding Victim 2 and Victim 3 remained pending in Case 2 and Case 3 and that he continued to be incarcerated on those charges while awaiting trial in those cases.

Rowell alleged that the State filed a substitute information on July 27, 2020, in Case Number 1-01 (a subcase of Case Number 1) charging Rowell with having committed the following offenses: Count I: second-degree kidnapping involving Victim 1 on January 25, 2018; Count II: second-degree kidnapping involving Victim 2 on November 17, 2017; Count III: second-degree rape involving Victim 2 on November 17, 2017; Count IV: second-degree sodomy involving Victim 3 on December 2, 2017.

Rowell alleged that he pled guilty on July 27, 2020 to having committed the four offenses (Counts I through IV) in the substitute information filed in Case 1-01 and that he was sentenced to three consecutive 7-year sentences and one concurrent 7-year sentence. Rowell alleged that the State dismissed the charges against him in Case 2 and Case 3 on July 27, 2020, following his plea of guilty in Case 1-01.

Rowell alleged that he was in the custody of the Boone County Jail from February 1, 2018 until his sentencing in Case 1-01 – a time period that Rowell alleged spanned a total of 908 days. Rowell acknowledged that he did post bond in Case 1, but that he was arrested that same day in Case 2 and returned to the Boone County Jail. Rowell alleged that the offenses originally charged in Case 2 and Case 3 were directly related to Counts II, III, and IV in Case 1-01 (three of the counts to which he pled guilty and for which he was sentenced).

Rowell alleged that, pursuant to the version of section 558.031 in effect at the time his offenses were committed, he was entitled to "receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense . . . ." Rowell alleged that he had not received a credit against his sentence for his presentence confinement in the Boone County Jail. Rowell's petition requested that the trial court declare that he is entitled to 908 days credit against his three consecutive sentences in Case 1-01.

On August 9, 2023, the DOC filed its answer as well as a motion for judgment on the pleadings. The DOC did not assert any affirmative defenses in its answer.

The DOC's motion for judgment on the pleadings argued that Rowell acknowledged that he was on bond in Case 1 and that Rowell alleged he was arrested in a different case and that the charges in that case were later dismissed. The DOC then argued that a person on bond is not in custody and that the law does not allow credit against a sentence for time free on bail. The DOC then argued that because Rowell was on bond in Case 1, his time in custody for other offenses in other case numbers was not related to Case 1-01.

The trial court issued a judgment that copied the DOC's motion word-for-word. The trial court then stated that Rowell's claims failed as a matter of law and granted judgment on the pleadings to the DOC.

Rowell now appeals the trial court's judgment.

**Standard of Review**

We review the grant of a motion for judgment on the pleadings *de novo*. *Woods v. Missouri Dep't of Corr.*, 595 S.W.3d 504, 505 (Mo. banc 2020). "A motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Id.* (brackets and citation omitted). "The moving party admits, for the purposes of the motion, the truth of well-pleaded facts in the opposing party's pleadings." *Barker v. Missouri Dep't of Corr.*, 695 S.W.3d 181, 184

(Mo. App. W.D. 2024) (quoting *Hickerson v. Mo. Bd. of Prob. and Parole*, 475 S.W.3d 204, 206 (Mo. App. W.D. 2015)).

## Analysis

In his sole point on appeal, Rowell argues that the trial court erred in granting judgment on the pleadings because he pled sufficient facts to support a finding that he was entitled to receive credit for his presentence confinement pursuant to section 558.031. We agree.

As pertinent, the version of section 558.031.1 that was in effect at the time of Rowell's offenses[3] provided:

> A sentence of imprisonment shall commence when a person convicted of an offense in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:
>
> (1) Such credit shall only be applied once when sentences are consecutive; . . .

In this section 558.031.1, the General Assembly has clearly mandated that a person receive credit against the service of a sentence for an offense for a period of presentence confinement when the presentence confinement was "related to" the offense for which the person was sentenced. In this matter, Rowell alleged that he was in custody

---

[3] "[T]he applicable jail-time credit statute is the statute in effect at the time of the offense." *Davison v. Missouri Dep't of Corr.*, 141 S.W.3d 506, 509 (Mo. App. W.D. 2004) (citing *Belton v. Moore*, 112 S.W.3d 1, 2 n.3 (Mo. App. W.D. 2003)).

from February 1, 2018, until he was sentenced on July 27, 2020, and that he had not received a credit against his sentences for his time in custody. Thus, if this period of presentence confinement was "related to" one or more of the offenses of which he was convicted and for which he was sentenced, then the allegations in Rowell's petition could, if proven, establish that he was potentially entitled to credit against one or more of his sentences for this period of presentence confinement.

As discussed below, Rowell's petition contained sufficient allegations that, if proven, could show (1) that he was entitled to a credit on his sentence for Count I from February 1, 2018 until he bonded out on March 14, 2018; and (2) that he was entitled to a credit on his sentence for Count II and/or[4] Count III from March 14, 2018 until his sentencing on July 27, 2020.[5]

First, regarding the time period from February 1, 2018, until he bonded out on March 14, 2018, Rowell's allegations indicate that he was in custody for the offense of

---

[4] Section 558.031.1(1) prohibits a credit from being applied toward more than one consecutive sentence. *Mosby v. Precythe*, 570 S.W.3d 635, 638 (Mo. App. W.D. 2019). Although Rowell's petition alleged that three of his sentences were consecutive and one was concurrent, it is not clear from Rowell's petition which of his four sentences was concurrent.

[5] Alternatively, accepting Rowell's allegations as true, he could potentially establish that he was entitled to a credit for some or all of the period from April 2, 2019 (the date Rowell was charged in Case 3) to July 27, 2020 (the date of his sentencing in Case 1-01) against his sentence on Count IV. However, as made clear from section 558.031.1(1), Rowell would certainly not be entitled to a credit against more than one consecutive sentence for the same period of presentence confinement. Rowell's petition pleaded sufficient allegations to withstand the DOC's motion for judgment on the pleadings regardless of which of one or more alternative theories could establish that he was entitled to credit and against which sentence. Accordingly, we do not discuss at length alternative hypotheticals that are unnecessary to the disposition of this appeal.

kidnapping in the second degree committed on January 25, 2018 against Victim 1 and that he had not received credit for this period of presentence confinement. Rowell eventually pled guilty to this offense (in Count I of the substitute information in Case 1-01). Thus, the relevant question posed by section 558.031.1 regarding this time period is whether Rowell's time in custody for the offense of second-degree kidnapping committed against Victim 1 on January 25, 2018, in Case 1 was related to the offense of second-degree kidnapping committed against Victim 1 on January 25, 2018, in Case 1-01. Accepting the allegations in Rowell's petition as true, the DOC cannot establish as a matter of law from the face of the pleadings that Rowell's time in custody for the charged offense of second-degree kidnapping committed against Victim 1 on January 25, 2018, in Case 1 was unrelated to the offense of second-degree kidnapping committed against Victim 1 on January 25, 2018, in Case 1-01. Consequently, the trial court erred in granting judgment on the pleadings to the DOC for this period of time.[6]

Second, regarding the time period from March 14, 2018 until his sentencing on July 27, 2020, Rowell alleged that he was in custody in Case 2 on the basis of the

---

[6] On appeal, the DOC makes arguments that Rowell has already received jail-time credit for the time between his arrest on February 1, 2018, and his being placed on bond on March 14, 2018. In other words, the DOC disputes the allegation in Rowell's petition that he had not received credit for this time. However, for purposes of reviewing the grant of a motion for judgment on the pleadings, we accept as true the factual allegations in the opposing party's pleadings. *Barker*, 695 S.W.3d at 184. The fact that the DOC disputes a factual allegation in Rowell's petition does not provide grounds for the granting of a motion for judgment on the pleadings. Thus, the DOC essentially acknowledges that it was not entitled to judgment as a matter of law for the entirety of the time period at issue in Rowell's petition, but nevertheless argues that we should ignore the proper standard of review and affirm the trial court's judgment.

8

offenses of first-degree kidnapping and first-degree rape committed against Victim 2 on November 17, 2017. He alleged that he had not received a credit for the more than two years of presentence confinement for these offenses. Thus, the relevant questions posed by section 558.031.1 regarding this time period are (1) whether Rowell's time spent in custody for the offense of first-degree kidnapping committed against Victim 2 on November 17, 2017, in Case 2 was related to the offense for which he was sentenced of second-degree kidnapping committed against Victim 2 on November 17, 2017, in Case 1-01, and (2) whether Rowell's time spent in custody for the offense of first-degree rape committed against Victim 2 on November 17, 2017, in Case 2 was related to the offense for which he was sentenced of second-degree rape committed against Victim 2 on November 17, 2017, in Case 1-01. Accepting the allegations in Rowell's petition as true, the DOC cannot establish as a matter of law from the face of the pleadings that Rowell's time spent in custody based on the charged offense in Case 2 of first-degree kidnapping committed against Victim 2 on November 17, 2017, was not related to the offense of second-degree kidnapping committed against Victim 2 on November 17, 2017, (the offense to which he pled guilty in Count II of Case 1-01 and for which he was sentenced). Likewise, the DOC cannot establish as a matter of law from the face of the pleadings that Rowell's time spent in custody based on the charged offense (in Case 2) of first-degree rape committed against Victim 2 on November 17, 2017, was not related to the offense of second-degree rape committed against Victim 2 on November 17, 2017, (the offense to which he pled guilty in Count III of Case 1-01 and for which he was sentenced).

9

It is difficult to discern precisely what the DOC argued in its motion for judgment on the pleadings, given that the arguments contained therein do not appear to accurately represent or address the allegations in Rowell's petition. Consequently, it is difficult to discern precisely why the trial court granted judgment on the pleadings in a judgment that copied the DOC's motion word-for-word. As best we can discern, the trial court granted judgment on the pleadings to the DOC because (1) Rowell sought credit for a period of time in which he was free on bond, and because (2) his presentence confinement in Case 2 and Case 3 was not related to the offenses to which Rowell pled guilty in Counts II, III, and IV of Case 1-01 due to a change in case numbers.

First, regarding the notion that Rowell sought credit for time in which he was free on bond, Rowell's petition does not seek credit for time spent on bond but for the approximately two-and-a-half years in which he was in jail related to the offenses for which he was ultimately sentenced in Case 1-01. Rowell bonded out in Case 1 on the offense to which he was sentenced in Count I in Case 1-01. Thus, Rowell would not be entitled to a credit against his sentence on Count I *after* bonding out on that offense. However, Rowell was arrested that same day in Case 2 for the offenses that he alleges are directly related to the offenses to which he pled guilty and was sentenced on Counts II and III in Case 1-01. Additionally, Rowell alleged that, while he remained in jail in Case 2, he was charged in Case 3 with an offense that he alleges is directly related to the offense to which he pled guilty and for which he was sentenced on Count IV in Case 1-

10

01. Rowell's petition did not seek credit for time spent free on bond, but instead sought a credit against his sentences for time spent in the Boone County Jail.

Second, regarding the DOC's argument that Rowell's presentence confinement was not "related to" the offenses for which he was sentenced, the DOC appears to take the position that case numbers are controlling for the purpose of determining whether a period of presentence confinement is related to an offense for purposes of section 558.031.1. However, section 558.031.1 plainly does not operate in terms of case numbers but in terms of whether the period of presentence confinement was related to a particular offense for which the offender was sentenced. *See* § 558.031.1 ("Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense . . . ."). We reject the notion that the clear intent of the General Assembly regarding credit for presentence confinement may be contravened through the alteration of case numbers.[7]

In summary, Rowell's petition included sufficient allegations to withstand the DOC's motion for judgment on the pleadings. The allegations in Rowell's petition could potentially, if proven, establish that he was entitled to credit for the period of time from his arrest on February 1, 2018 until he bonded out on March 14, 2018. This credit would

---

[7] The DOC also cites to *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 518-519 (Mo. banc 2001), and makes the conclusory assertion that this case is similar to that case. We find that case to be inapposite.

11

potentially apply toward his sentence on Count I. Additionally, the allegations in Rowell's petition could potentially, if proven, establish that he was entitled to credit for the period of time from March 14, 2018 until his sentencing on Count II and/or Count III.[8]

The trial court erred in granting judgment on the pleadings to the DOC.[9]

## Conclusion

The judgment is reversed. The case is remanded for further proceedings.

_Tom Chapman_
_____
Thomas N. Chapman, Judge

All concur.

---

[8] Again, it is not clear from the allegations in the petition which of Rowell's four sentences was alleged to run concurrently. Again, section 558.031.1(1) prohibits a credit from being applied toward more than one consecutive sentence. *Mosby v. Precythe*, 570 S.W.3d 635, 638 (Mo. App. W.D. 2019).

[9] The DOC also seeks to assert that Rowell's declaratory judgment action was barred by the one-year statute of limitations set forth in section 516.145. However, the DOC failed to assert any affirmative defenses before the trial court. The DOC fails to provide any support for the proposition that an affirmative defense can be raised for the first time before an appellate court or that an appellate court could address such a defense if it was not presented to the trial court. The issue of the statute of limitations was never before the trial court and is not properly before this Court on appeal. Rowell filed a motion to strike the portion of the Respondent's Brief that referenced a statute of limitations defense based on Rowell's assertion that no such defense had been pled. Rowell cited no authority for the motion to strike. The motion to strike is denied, as we fail to see what would be accomplished by granting the motion to strike when this Court can simply disregard issues that are not properly before this Court.